UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual,<br><br>      Plaintiffs,<br><br>vs.<br><br>GATEWAY ARCH HOSPITALITY, LLC, a Domestic Limited Liability Company,<br><br>      Defendant. | Case No.  4:18-cv-1655 |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, GATEWAY ARCH HOSPITALITY, LLC, a Domestic Limited Liability Company ("Defendant"), for injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2.    Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07.  Venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

1

3. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of the City of Saint Louis, County of Saint Louis, State of Missouri.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7. The Defendant's property, also known as Holiday Inn - St. Louis Airport ("Holiday Inn"), is located at 4505 Woodson Road, Saint Louis, Missouri 63134 ("Subject Property").

8. Defendant, GATEWAY ARCH HOSPITALITY, LLC, holds title to the subject property or operates a business located at the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

9. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10. Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment C, St. Louis, Missouri 63146.

11. Plaintiff regularly visits St. Louis for pleasure and to conduct business; Mr. Meggs is

a dee-jay, internet radio host, podcast host and musical talent scout. Mr. Meggs regularly visits the St. Louis area to promote these endeavors and search for new musical talent by attending live musical events across the Greater Saint Louis area.

12. Mr. Meggs is an extensive traveler by air, bus, and train. Mr. Meggs makes several trips to the St. Louis area per year by air from Los Angeles. These trips last, on average, 2-3 weeks after which Mr. Meggs travels by bus or train to visit his extensive family in the Kansas City area before returning home to Los Angeles by air. At this time, Mr. Meggs has return visits to the St. Louis area scheduled for October and November of 2018 as well as March, May and June of 2019, during which he will stay at area hotels or at his business partner's home.

13. Plaintiff has visited the subject property that forms the basis of this lawsuit on multiple occasions with his last overnight stay occurring in July 2018. Mr. Meggs' status as an IHG Rewards Club member and the Holiday Inn's proximity to both Lambert International Airport and the MetroLink rail line make this property an attractive place to stay for Plaintiff. Mr. Meggs currently has return reservations at the Holiday Inn - St. Louis Airport booked for the first weeks of March and May 2019, during which time he would like to avail himself of the goods and services offered to the public at the property.

14. Mr. Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 15, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

15. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a nonprofit New Jersey corporation. Members of this organization include individuals, residing across the United States,

with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members across the United States by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

16.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant has been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

17.     Defendant, GATEWAY ARCH HOSPITALITY, LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Holiday Inn - St. Louis Airport and is located at 4505 Woodson Road, Saint Louis, Missouri 63134, in the County of Saint Louis.

18.     THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 20 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  JOHN MEGGS desires to visit the subject property - Holiday Inn - St. Louis Airport, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with

the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

20. Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of subject property has shown that violations exist.  These are barriers to access and violation of the ADA that JOHN MEGGS personally encountered, including, but not limited to the following:

**Parking and Exterior Accessible Route**

   a. Holiday Inn fails to provide a safe, accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 ADA Standards. This condition, during multiple visits, prevented Mr. Meggs from unloading from his vehicle freely and safely at check-in.

   b. The exterior accessible route throughout Holiday Inn is impeded by ramps that lack level landings, and fail to provide handrails along the route, violating Section 404 of the 2010 ADA Standards.  These conditions are unsafe for Mr. Meggs; as he was impeded by the ramp at the main entrance of the hotel.

   c. Mr. Meggs, as a guest of the hotel, was affected by the lack of a compliant accessible route from the main parking area to the hotel lobby entrance, in violation of Sections 402 and 502 of the 2010 ADA Standards. Mr. Meggs requires adequate space to maneuver and a direct route is not

5

provided, thus he must travel around obstacles and through the traffic area of the lot.

    d.  Curb ramps are not provided in all areas of the subject property, while that those that are provided are improperly designed. Improper curb ramps include those on the South and East side of the building; the violations include - excessive slopes greater than 8.3% and abrupt changes of level greater than 0.25" violating Sections 406 and 502 of the 2010 ADA Standards.  These conditions present a tipping hazard to Mr. Meggs and can cause damage to his wheelchair.

    e.  Holiday Inn fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 ADA Standards.  The lack of a safe, accessible route renders impossible, the option of using public transportation for Mr. Meggs meaning that he could only leave the property using a personal vehicle.

    f.  Entrances to the Holiday Inn and its pool area are impeded due to the presence of slopes greater than 2.0%, a lack of latch-side clearance, and abrupt changes of level greater than 0.25" in violation of Sections 402 and 404 of the 2010 ADA Standards. Mr. Meggs was unable to access these entrances independently due to the lack of accessibility.

    g.  The pool provided lacked a wheelchair lift during Mr. Meggs stay, a violation of Section 1009 of the 2010 ADA Standards.

**Access to Goods and Services**

    h.  Holiday Inn fails to provide desks with adequate knee clearance in the hotel lobby, violating Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to use the desks because he could not comfortably approach.

    i.  The check-in counter, lobby telephones and other elements throughout Holiday Inn are mounted beyond the reach of Mr. Meggs. violating Section 308 of the 2010 ADA Standards. Due to their height Mr. Meggs was unable to access these amenities.

6

j.  The interior route throughout the Holiday Inn is impeded by steps and no accessible route is provided, this barrier violates Section 402 of the 2010 ADA Standards. Due to the lack of an accessible route Mr. Meggs was unable to travel impeded through the hotel.

k.  Wheelchair accessible dining tables are not provided at the hotel restaurant, The Underground Bar, violating Section 902 of the 2010 ADA Standards. Due to a lack of accessible tables Mr. Meggs is excluded from dining at this location.

**Hotel Guestrooms and Restrooms**

l.  Restrooms provided within the guestrooms are improperly designed and are in violation of Section 601 of the 2010 ADA Standards. Mr. Meggs was unable to freely and safely use the restroom due to a lack of adequate maneuvering clearance, water closets with improper centerlines and lavatories that lack the required knee clearance. Without proper maneuvering clearance Mr. Meggs could not freely enter and exit the restroom. Improper centerlines affect the water closets' location in relation to the grab bars; when the centerline is incorrect transferring on and off the water closet to and from a wheelchair is difficult and potentially dangerous, as was the case for Mr. Meggs. Due to the lavatories lack the proper knee clearance Mr. Meggs was unable to approach the sink and, therefore, could not wash his hands before exiting the restroom.

m.  Mr. Meggs was a guest in Room 118, which was designated "Accessible" by hotel staff. Mr. Meggs did not receive a roll-in shower, although one was requested. A tub was provided in this guest room but lacked proper accessible elements, including the lack of a fixed seat and improper hand controls, violating Sections 607 and 608 of the 2010 ADA Standards. Mr. Meggs was unable to shower comfortably due to the lack of roll-in shower and a lack of accessible elements.

n.  The desk in Mr. Meggs' guestroom failed to provide him with adequate knee clearance in violation of Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to approach the desk

7

rendering it useless for his needs.

    o. Mr. Meggs was unable to exit his guestroom without assistance due to a lack of latch side clearance.  When a door lacks latch side clearance Mr. Meggs cannot approach the door, open it and then pass through due to a lack of maneuvering clearance for his wheelchair; as such he was unable to enter and exit the doorways unassisted. This barrier is a violation of Section 404 of the 2010 ADA Standards.

    p. Mr. Meggs guestroom provided him with improper hardware and other essential elements that lacked accessibility in violation of the 2010 ADA Standards.

    21. All of the foregoing violations are also violations of the 1991 American with Disabilities Act Accessibility Guidelines ("ADAAG") and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

    22. The discriminatory violations described in paragraph 20 are not an exhaustive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

    23. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

26. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use

wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendant to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendant cures their violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

  disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

 c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

 d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: September 28, 2018

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq. (70443MO)
Shadinger Law, LLC
100 S 4th Street
Suite 550
St. Louis, MO 63102
Tel. (314) 279-7416
Fax (314) 898-0423
js@shadingerlaw.com
*Attorney for Plaintiffs,*
*The Independence Project, Inc. and John Meggs*

11